COPY FILED
2014 JAN -8 PM 2:12

**HIRSCH ADELL (CSB 34208)**
E-Mail: hirscha@rac-law.com
**WILLIAM SHEH (CSB 221275)**
E-Mail: williams@rac-law.com
**NATALIA BAUTISTA (CSB 245669)**
E-Mail: nataliab@rac-law.com
**REICH, ADELL & CVITAN**
A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860
Facsimile: (213) 386-5583

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLARD L. WOODS, JR., on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan,

    Plaintiff,

vs.

TRANSFORMATION VENTURES, INC., a California corporation; and WILLIAM N. PHILLIPS, an individual,

    Defendants.

CASE NO. CV14-00164 - JCG

COMPLAINT FOR VIOLATION OF AGREEMENTS TO MAKE BENEFIT CONTRIBUTIONS

[29 U.S.C. §§ 185(a), 1132(a) and 1145]

Plaintiff alleges as follows:

**[JURISDICTION AND VENUE]**

1. This is an action by a fiduciary of employee benefit plans for damages for violation of agreements by an employer to contribute to the plans. This Court has

- 1 -
#260354.1 – Complaint Against Transformation Ventures, Inc. and William N. Phillips

jurisdiction under Employee Retirement Income Security Act ("ERISA") §§ 502 & 515, 29 U.S.C. §§ 1132 & 1145, and under Labor Management Relations Act ("LMRA") § 301(a), 29 U.S.C. § 185(a). Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and under LMRA § 185(a) & (c), in that the plans are administered, the plans maintain their principal office, the breaches of the applicable agreements took place, and the defendants do business in this district.

## [PARTIES]

2. Plaintiff WILLARD L. WOODS, JR. ("WOODS"), is the administrator and, in light of certain discretionary functions he exercises, a fiduciary of the Writers' Guild-Industry Health Fund ("Health Fund") and of the Producer-Writers Guild of America Pension Plan ("Pension Plan") (jointly, the "Plans"). The Plans are each employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(3)(37)(A), and subject to the provisions of LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). WOODS brings this action in his capacity as a fiduciary of the Plans.

3. WOODS is informed and believes that defendant TRANSFORMATION VENTURES, INC. ("TVI") is a California corporation, and an employer within the meaning of LMRA § 501(3), 29 U.S.C. § 142(3), and ERISA § 3(5), 29 U.S.C. § 1002(5).

4. WOODS is informed and believes that defendant WILLIAM N. PHILLIPS ("PHILLIPS") is an individual and the principal officer and owner of defendant TVI.

///
///
///

# [AGREEMENTS]

5. At all relevant times, TVI and the Writers Guild of America, a labor organization, have been parties to a written collective-bargaining agreement, known as the 2008 Writers Guild of America Theatrical and Television Basic Agreement ("2008 MBA"), by which TVI agreed to submit reports and make contributions to the Plans in accordance with the terms of the 2008 MBA.

6. Article 17.B. of the 2008 MBA provides that a participating company shall contribute to the Pension Plan "amounts equal to six percent (6%), effective February 13, 2008, of all 'gross compensation' earned and paid or due to writers for services covered by and subject to this Agreement performed after the effective date hereof, in an employment capacity (to which employment the provisions of this Basic Agreement apply)."

7. Article 17.C. provides that a participating company shall contribute to the Health Fund "amounts equal to eight and one-half percent (8.5%) of all 'gross compensation' earned and paid or due to writers for services covered by and subject to this Agreement performed on or after the effective date hereof, in an employment capacity (to which employment the provisions of this Basic Agreement apply), except that during the period October 1, 2008 through March 31, 2009, said contribution rate shall be eight percent (8%)."

8. The 2008 MBA contains a "Sideletter on Literary Material Written for Programs for New Media" ("Sideletter"). Section 3.b.1. of the Sideletter provides that, for "Original New Media Productions," Article 17 of the 2008 MBA shall be incorporated herein and shall apply to the employment of a writer in connection with original new media productions.

9. Article 17.A. of the 2008 MBA provides that signatory employers, such as TVI, agree to "adopt and are bound by the Trust Agreements and amendments thereto of the Writers' Guild-Industry Health Fund and the Producer-Writers Guild of America Pension Plan, and by all actions of the Trustees pursuant to those Agreements." These agreements and declarations of trust of each of the Plans, which are incorporated by reference under the 2008 MBA, are referred to hereinafter as the "Trust Agreements."

10. Article III, Section 4 of the Health Fund trust agreement and Article III, Section 5 of the Pension Plan trust agreement each provide that an employer that fails to timely pay contributions due to the Plans shall be in default and such a default employer, in addition to the unpaid or delinquent contributions, shall also owe interest and liquidated damages at the rates established by the Trustees of the Plans. The Trustees of the Plans have established liquidated damages of 20% as the penalty for delinquent contributions, along with interest at the rate of 10% per year, plus the Plans' audit costs and attorney's fees.

11. In order to curtail practices which appear to circumvent the intent of the Trust Agreements and create a drain on the assets of the Plans, on January 1, 2001, the Trustees of the Plans adopted various rules governing eligibility for benefits thereunder. One such rule, which is applicable here, provides that, "Contributions on the Writer's compensation do not count toward the Writer's eligibility for benefits when the Writer is employed for writing and other services (other than under Article 14 of the Basic Agreement) and the Writer's contract does not separate writing compensation from compensation for other services unless the employer contributes on the lower of: (a) one hundred percent (100%) of the Writers' total compensation under the contract, or (b) $125,000**." "**The Fund's actuary estimated that contributions on $125,000.00 of compensation was the amount necessary in 2000 to pay the cost of the annual Health Fund coverage for an eligible participant. Periodically, this figure will be adjusted to

approximate the annual cost to the Health Fund of coverage." This amount was adjusted to $126,459.00 for 2008, $122,906.00 for 2009, and $141,858.82 for 2010.

12. PHILLIPS and the Writers Guild of America concurrently entered into a written assumption agreement wherein PHILLIPS agreed to personally guarantee performance of the written collective-bargaining agreement between TVI and the Writers Guild of America, and to personally assume all obligations incurred by TVI under the written collective-bargaining agreement, including the Trust Agreements. PHILLIPS is therefore jointly and severally liable for the obligations of TVI.

13. Accordingly, based on the foregoing, defendants TVI and PHILLIPS are therefore referred to collectively hereafter as the "EMPLOYER."

**[AUDIT]**

14. The trustees of the Plans retained an accounting firm to conduct an audit of the books and records of the EMPLOYER for the period February 13, 2008 through September 30, 2010 ("Audit").

15. Although the Plans' auditors contacted the EMPLOYER's representatives beginning in June 2011 to provide the requested books and records for the Plans' audit, the EMPLOYER initially refused to cooperate with the audit and did not produce the requested records and information to the Plans' auditors until 2012. Based on the records and information subsequently provided by the EMPLOYER, the Plans' auditors issued a draft audit report on about May 24, 2012, and finalized the audit report on about August 20, 2012. The final audit report provides that the auditors discovered that $1,333,797.50 of compensation had been paid by the EMPLOYER to writer Theresa Coyle ("Coyle"), from the first quarter of 2008 through the third quarter of 2010, whereas the EMPLOYER

only reported to the Plans compensation to Ms. Coyle of $31,250 for the third quarter of 2008, $32,700 for the second quarter of 2009, and $34,000 for the first quarter of 2010, for a total of $97,950.

### CLAIM FOR RELIEF FOR DELINQUENT CONTRIBUTIONS
[Against Defendants TVI and PHILLIPS, jointly and severally]

16. Plaintiff WOODS repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 15 above as if fully set forth here.

17. The EMPLOYER hired writer Theresa Coyle to perform writing services, which Coyle performed for the EMPLOYER and for which the EMPLOYER was required to make contributions to the Plans.

18. The agreement between the EMPLOYER and Mr. Coyle commissions Coyle to perform various services, including (1) writing and editing stories to appear on the Transformation.com website, (2) filming and editing of defendant PHILLIPS' speeches to appear on the website, (3) writing and producing a television special for distribution on broadcast and cable TV, the internet, and DVD, and (4) assisting in the hiring and scheduling of television crews for the new media project known as "Transformation with Bill Phillips" for compensation of $12,500 per week. In the agreement, there is no specific allocation of the weekly fees to Coyle's writing services.

19. As revealed during the Audit of the EMPLOYER, and based on the Plans' rule described in paragraph 12 above, the Plans' auditors discovered that the EMPLOYER under-reported compensation for Ms. Coyle totaling $293,273.82 ($126,459 + $122,906 + $141,858.82 - $97,950) for the period covering 2008 through 2010 and, correspondingly, under-reported and failed to pay contributions to the Health

Fund totaling $24,616.55, and contributions to the Pension Plan totaling $17,596.44, based upon the under-reported compensation totaling $293,273.82. To date, the EMPLOYER has failed and refused to pay this delinquency.

20. Based on the results of the Audit, the EMPLOYER also owes interest to the Health Fund of $9,478.96 and interest to the Pension Plan of $6,992.47, and liquidated damages to the Health Fund of $4,923.31 and liquidated damages to the Pension Plan of $3,519.29, based upon the delinquent contributions in paragraph 19 above.

21. The Plans were required to engage the services of an auditing firm to perform the Audit, and were billed the sum of at least $17,868.75 for the Audit. Pursuant to the Trust Agreements, the Plans are entitled to reimbursement of its Audit costs totaling $17,868.75 from the EMPLOYER.

### [ATTORNEY'S FEES]

22. WOODS was required to engage legal counsel to collect the EMPLOYER's delinquencies and is entitled to recover the Plans' costs, liquidated damages, interest, and attorney's fees pursuant to the Plans' Trust Agreements and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

### [PRAYER FOR RELIEF]

FOR THESE REASONS, WOODS requests that the court enter judgment against defendants TVI and PHILLIPS, jointly and severally, as follows:

(a) Delinquent contributions in the amount of at least $42,212.99;
///

(b) Interest in the amount of at least $16,471.43, and continuing at the rate of 10% per year (0.83% per month) until paid;

(c) Liquidated damages in the amount of $8,442.60;

(d) Audit costs in the amount of $17,868.75, as required by the Trust Agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

(e) Attorney's fees and costs; and

(f) Such additional relief as the court finds proper.

Date: January 7, 2014

Respectfully submitted,

REICH, ADELL & CVITAN
A Professional Law Corporation

By: _____
WILLIAM SHEH
Attorneys for Plaintiff
WILLARD L. WOODS, JR.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

WILLARD L. WOODS, JR., on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

TRANSFORMATION VENTURES, INC., a California corporation; and WILLIAM N. PHILLIPS, an individual,

**(b) County of Residence of First Listed Plaintiff**   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Hirsch Adell, William Sheh, and Natalia Bautista, Members of
REICH, ADELL & CVITAN, a Professional Law Corporation
3550 Wilshire Blvd., Suite 2000, Los Angeles, CA 90010
Telephone: (213) 386-3860

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:**  ☐ Yes  ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ 84,995+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint for delinquent contributions to employee benefit plans pursuant to ERISA Sections 502 and 515, 29 U.S.C. Sections 1132 and 1145.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☒ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: **CV14-00164**

CV-71 (11/13)                                                    CIVIL COVER SHEET                                              Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.** Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | **WESTERN DIVISION** |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed? [x] NO    [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case? [x] NO    [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or

                                      [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

                                      [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                                      [ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _[signature]_    DATE: January 7, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

COPY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| WILLARD L. WOODS, JR., on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan<br><br>*Plaintiff(s)*<br>v.<br>TRANSFORMATION VENTURES, INC., a California corporation; and WILLIAM N. PHILLIPS, an individual,<br><br>*Defendant(s)* | Civil Action No. CV14-00164 - JCG |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* TRANSFORMATION VENTURES, INC., 621 Corporate Circle, Suite E, Golden, CO 80401

WILLIAM N. PHILLIPS, 621 Corporate Circle, Suite E, Golden, CO 80401

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: HIRSCH ADELL, WILLIAM SHEH, and NATALIA BAUTISTA, Members of
REICH, ADELL & CVITAN, a Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, CA 90010

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: JAN - 8 2014

CLERK OF COURT
ANDRES PEDRO
*Signature of Clerk or Deputy Clerk*

1202